596 A.2d 1209

**URBAN REDEVELOPMENT AUTHORITY OF PITTSBURGH,**
**a Redevelopment Authority, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD**
**OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 29, 1991.

Decided Aug. 14, 1991.

David L. Berkley, Sp. Counsel, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Urban Redevelopment Authority of Pittsburgh (URA) petitions for review of the order of the Unemployment Compensation Board of Review (Board), dated August 31, 1990, which reversed the referee's decision and determined that Thomas H. Smith (claimant) is financially eligible for benefits. We affirm.

Upon filing a claim for benefits pursuant to the Unemployment Compensation Law (Law)[1] with the Office of Employment Security (OES), it was determined that the claimant had insufficient wages in his base year to qualify for benefits. The claimant appealed and a hearing was held before a referee on June 21, 1989. The issue before the

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

referee was whether the claimant was an employee of URA or, as URA contends, an independent contractor.

The claimant testified that he was employed by URA as an on-site custodian for a temporary emergency shelter from May 1988 to August 1988. Pursuant to a written agreement executed between URA and the claimant, he was to be paid $250.00 per month and he was provided a furnished apartment. The agreement also contained a clause which states, "The Contractor acknowledges that the Contractor, as an individual, is an independent contractor and not an employee of the Authority." (R.R. p. 68a, paragraph 2)

A division manager of URA testified regarding the claimant's position and URA's involvement, as follows:

QR: Miss Pugh, did the authority exercise any control over Mr. Smith's services?

AEW: I'm not sure if you mean other than my supervision to be sure that the contract was met, because according to the contract payable, the monthly, payable after services are completed.

QR: All right. Did you have any actual day to day direction over Mr. Smith's performance of his duties?

AEW: Yes, as manager that's one of my responsibilities.

(N.T., 6/21/89, p. 17, R.R. p. 47a)

The referee, by decision dated June 26, 1989, determined that the claimant was an independent contractor, thus the income received from URA was excluded from his base-year wages. The remaining wages earned in claimant's base year were insufficient to render the claimant financially eligible for benefits, therefore the referee denied the claimant's appeal and affirmed the decision of the OES, as modified.

The claimant appealed to the Board. Upon review of the record, the Board found by decision dated January 16, 1990, that URA directed the claimant's day-to-day duties and the performance thereof, and determined that the claimant was

not an independent contractor. The referee's decision was reversed and the claimant was awarded benefits.

URA appealed to this Court. Thereafter, the Board filed an Application for Remission of the Record with us seeking remand of the record in order to hear oral argument and to reconsider its prior decision and order. In its application the Board noted that URA "may not have received all of its procedural due process rights" and further stated that the claimant agreed to remission of the record. This Court, by order dated May 18, 1990, granted the application and remanded the record. Oral argument was scheduled; however, neither party appeared, although URA filed a brief with the Board.

The Board issued a decision on August 31, 1990 wherein it vacated its prior decision. The Board again found that URA directed the claimant's performance of day-to-day duties, and stated:

> Section 4($l$)(2)(b) of the law [2] defines employment as: Services performed by an individual for wages shall be deemed to be employment subject to this act unless and until it is shown ... (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services, such individual is customarily engaged in an independently established trade, occupation, profession or business.

> Here, the Board finds that while claimant did sign a contract that labeled him as an independent contractor, this is not dispositive of the issue. The Board finds that claimant was not free from the direction and control of the employer, and, therefore, was not an independent contractor.

> As such, the claimant's earnings from this employer constitute wages in employment under the Law. Since claimant had high quarter earnings of $4,453.00 and total

**2.** 43 P.S. § 753($l$)(2)(B).

base year wages of $7,401.00, he is financially eligible for benefits at a weekly benefit rate of $180.00.

(Board opinion, pp. 2–3, R.R. pp. 125a–126a) (footnote added).

Accordingly, the decision of the referee was reversed and the claimant was awarded benefits.

URA raises the following issues here: (1) whether the Board failed to set forth sufficient findings necessary to support its determination that the claimant was an employee; and (2) whether the Board erred by not sending a special notice pursuant to Section 509 of the Law, 43 P.S. § 829, when it issued notice of oral argument.

■ Our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

URA argues first that the Board failed to fulfill its duty as finder of facts to sufficiently set forth findings which could reveal the true nature of the claimant's employment relationship with URA.

■ When there is a question of whether a claimant is self-employed, the alleged employer bears the burden of proving both elements of Section 4(*l*)(2)(B), 43 P.S. § 753(*l*)(2)(B). *Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa.Commonwealth Ct. 136, 412 A.2d 682 (1980). In the present case, URA's witness testified that she exercised day-to-day direction over the claimant's performance of his duties. (N.T., p. 17, R.R. p. 47a) In *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985), our Supreme Court held that the Board is not required to set forth reasons for departing from the referee's findings of fact, where the reasons for reversing the referee are plain enough on the record. In the present case, the record plainly supports the board's Finding of Fact No. 6, which states:

6. The employer directed claimant's day to day duties and performance thereof.

(Board opinion, p. 2)

Accordingly, we find that the Board's findings sufficiently support its conclusion that the claimant was an employee of URA.

Next, URA argues that Section 509 of the Law, 43 P.S. § 829, requires special notice to be sent to the employer whenever an appeal involves a question of wages. URA contends that the Board's failure to send special notice precludes a determination that URA is liable for contributions to the claimant's eligibility for benefits. We reject this argument.

Section 509, 43 P.S. § 829, provides:

Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision: Provided, however, That whenever an appeal involves a question as to whether services were performed by a claimant in employment or for an employer or whether remuneration paid constituted wages, *a decision thereon shall not be conclusive as to an employing entity's liability for contributions* unless the employing entity was given special notice of such issue and of the pendency of the appeal and was afforded a reasonable opportunity by the referee or the board to adduce evidence bearing on such question. (Emphasis added.)

Naturally, the present matter, and all proceedings in which a claimant is seeking unemployment compensation benefits, involve the question of wages. The above section

of the Law is inapplicable to the present matter because it governs procedure in proceedings which involve the question of the employer's contributions, such as a reassessment of contributions.

█ As previously noted, after URA appealed from the first Board decision, and while the appeal was pending, the Board filed an application for remission of the record. The issue before the Board had been whether the claimant was an employee or an independent contractor. This Court granted the application and remanded the record to the Board "for the purpose of scheduling oral argument and thereafter reconsidering its Decision and Order in the claim of Thomas H. Smith for unemployment compensation benefits, and issuing a new decision as it shall deem proper and necessary." (No. 360 C.D. 1990, Silvestri, S.J., 5/18/90) The proceedings before the Board did not involve the question of URA's contributions for unemployment compensation, therefore special notice pursuant to Section 509 was not required.

For the foregoing reasons, we affirm the order of the Unemployment Compensation Board of Review.

### ORDER

AND NOW, this 14th day of August, 1991, the order of the Unemployment Compensation Board of Review, dated August 31, 1990, is affirmed.