645 A.2d 339

**D.K. ABBEY MARKETING, INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 1994.

Decided June 22, 1994.

Reargument Denied Aug. 10, 1994.

William A. Gray, for petitioner.

Linda S. Lloyd, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

D.K. Abbey Marketing, Inc. (Abbey) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's grant of unemployment compensation benefits to Robert Stultz. Due to insufficient and unspecific factual findings, we must vacate and remand.

The totality of the Board's findings are summarized as follows. Stultz was last employed as a sales representative by Abbey from January of 1989 to February of 1992. (Board's Finding of Fact No. 1.) Under an initial contract, Abbey assigned Stultz a territory, gave him a draw against his commissions and reimbursed him for particular expenses. (Board's Finding of Fact No. 2.) On January 11, 1991, Stultz signed an "independent contractor agreement" that allegedly changed the conditions of his employment. Under that agreement, Abbey no longer assigned a sales territory to Stultz, reimbursed his expenses, or gave Stultz a draw against his commissions. (Board's Finding of Fact No. 3.) Furthermore, Stultz was responsible for his own sales presentations, although he used Abbey's samples, price lists and occasional sales leads. Stultz was also permitted to use the business cards of D & L Truck and Parts, Inc. (D & L), "the employer for whom he generated sales."[1] (Board's Finding of Fact No. 4.)

Stultz called in his sales activity daily to Abbey and submitted weekly reports to Abbey's office manager. Additionally, he received commission payments from Abbey on actual sales that he made. (Board's Finding of Fact No. 5.) Stultz also believed that he was prohibited from selling "products for

1. The record reveals that Abbey represented D & L and that the "independent contractor agreement" involved here was between Abbey and Stultz. (R.R. at 20a, 40a–41a). Therefore, the Board's finding of fact that D & L was "the *employer* for whom [Stultz] generated sales" is misleading. Accordingly, on remand, the Board should address this ambiguity.

competitors of the employer." [2] (Board's Finding of Fact No. 7.)

In February of 1992, Abbey dismissed Stultz due to Stultz's low sales activity. (Board's Finding of Fact No. 8.) Following his dismissal, Stultz maintained contact with customers he had as a sales representative for Abbey in order to enhance future employment opportunities. (Board's Finding of Fact No. 9.)

Subsequently, Stultz filed for unemployment compensation benefits. The Pittsburgh North Job Center (Job Center) concluded that Stultz had been employed by Abbey and approved benefits based on Section 402(h) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). Abbey appealed and following a hearing, the referee affirmed the Job Center's determination and awarded benefits to Stultz. Abbey then appealed to the Board which made findings of fact and affirmed the referee's decision, granting benefits pursuant to sections 402(h) and 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B).

The issue raised again before this court [3] is whether, during his last employment, Stultz was an employee of Abbey or self-employed within the meaning of section 4(*l*)(2)(B). Self-employment is generally defined by section 4(*l*)(2)(B) which states in pertinent part:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that— (a) such individual has been and will continue to be free

---

**2.** Again, this finding of fact is ambiguous. The Board failed to clarify whether Stultz believed he could not sell products for competitors of Abbey or competitors of D & L.

**3.** Our scope of review in an unemployment compensation appeal is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *York Newspaper Co. v. Unemployment Compensation Board of Review*, 160 Pa.Commonwealth Ct. 475, 635 A.2d 251 (1993).

from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B). An employee is ineligible for compensation for any week "[i]n which he is engaged in self-employment." [4]

■ Pursuant to section 4(*l*)(2)(B), Abbey bears the burden of showing that Stultz was (a) free from control or direction in the performance of his work and (b) customarily engaged in an independent business when performing his services. *See Urban Redevelopment Authority v. Unemployment Compensation Board of Review,* 142 Pa.Commonwealth Ct. 20, 596 A.2d 1209 (1991). Unless Abbey meets its burden, Stultz is presumed to have been Abbey's employee. *See York Newspaper Co. v. Unemployment Compensation Board of Review,* 160 Pa.Commonwealth Ct. 475, 635 A.2d 251 (1993). Whether Stultz was an employee is a determination of law subject to our review. *Attorneys on Call v. Unemployment Compensation Board of Review,* 155 Pa.Commonwealth Ct. 96, 99, 624 A.2d 754, 755-56 (1993).

■ First, in deciding whether a commission salesperson is free from control or direction, the key determinative factors are: (1) a definite assignment of territory; (2) a required number of interviews to be made within a prescribed time

4. Section 402(h) of the Law provides:
An employe shall be ineligible for compensation for any week—
(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department.

period; (3) mandatory attendance at sales meetings; and (4) regular filing of progress reports. *Alstrom v. Unemployment Compensation Board of Review,* 85 Pa.Commonwealth Ct. 333, 481 A.2d 1238 (1984). Second, in determining whether an individual is customarily engaged in an independent business, the primary issue is

> whether the individual is 'capable of performing the particular activities in question for any who wish to avail themselves of such services; and . . . the nature of the activity [is] not such that the individual [is] compelled to look to only a single employer for the continuation of such services on an ordinary employer-employe relationship.'

*Id.* at 336, 481 A.2d at 1239 (citation omitted).

■ The Board made inadequate findings with respect to the *Alstrom* factors. Although the Board did find that Abbey did not assign Stultz a sales territory and that Stultz did call in his sales activity daily and submit weekly reports (Board's Findings of Fact Nos. 3 and 5), it made no findings as to required interviews with clients and mandatory attendance at sales meetings. Yet the Board concluded that Abbey held substantial control over Stultz's sales activities and, thus, Stultz was not self-employed. Additionally, the Board failed to address the agreement which is part of the record and which expressly permitted Stultz to contract with other businesses while representing Abbey and authorized Stultz to conduct his affairs free from any control. (R.R. at 23a, 40a.)

■ In order for us to conduct a proper review, the Board must address these factual issues that are legally determinative of Stultz's eligibility for unemployment compensation benefits. Moreover, the Board must provide us with "findings of fact sufficiently specific 'to reveal the true nature of the employment relationship, if any, which existed.' In the absence of specific findings of fact to aid in applying the test of § 4(*l*)(2)(B) of the Law, the case must be remanded to the Board." [5] *Tri–State Scientific v. Unemployment Compensa-*

5. Our Supreme Court has held that "[a]n appellate court or other reviewing body should not infer from the absence of a finding on a

*tion Board of Review,* 138 Pa.Commonwealth Ct. 676, 682, 589 A.2d 305, 308 (1991), quoting *Monroe G. Koggan Associates, Inc. v. Unemployment Compensation Board of Review,* 80 Pa.Commonwealth Ct. 626, 472 A.2d 277 (1984).

Accordingly, we vacate the order of the Board and remand this case to the Board for the making of adequate findings of fact on the issue of Stultz's employment status with Abbey.

## ORDER

AND NOW, this 22nd day of June, 1994, the order of the Unemployment Compensation Board of Review, dated August 27, 1993, is vacated, and this case is remanded to the Board for purposes consistent with the opinion of this court.

Jurisdiction relinquished.

given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975); *see Koggan.* When the findings of fact are inadequate, this court is not empowered with the duty to make adequate findings. *See Koggan.*