### RESOURCE STAFFING, INC., Petitioner

v.

### UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2008.

Decided Nov. 25, 2008.

---

Edward J. Easterly, Allentown, for petitioner.

Jonathan D. Koltash, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and BUTLER, Judge.

OPINION BY Judge FRIEDMAN.

Resource Staffing, Inc. (RSI) petitions for review of the March 13, 2008, decision and order of the Unemployment Compensation Board of Review (UCBR), which held that Edward W. Bush (Claimant) is not ineligible for benefits pursuant to section 402(h) of the Unemployment Compensation Law (Law).[1] We vacate and remand.

RSI operates an information technology consulting agency. Claimant is an experienced Microsoft systems engineer and administrator. After finding Claimant's resume on Monster.com, RSI offered Claimant a six-month contract position. Claimant signed a Contractor Agreement on October 30, 2006, (R.R. at 55a–62a), and he performed work for Carpenter Technology (the client), at the client's facility, from November 13, 2006, through September 20, 2007. (UCBR's Findings of Fact, Nos. 1–4, 6; R.R. at 47a–49a.)

The local job center approved Claimant's application for benefits, concluding that Claimant's services under the Contractor Agreement did not constitute self-employment because Claimant had not been free from RSI's direction and control in the performance of his work. (R.R. at 1a.) RSI appealed, and a referee held a hearing at which Claimant and RSI's representative participated, each without benefit of counsel. The referee concluded that RSI failed to establish that Claimant was free from RSI's control in the performance of his services and affirmed the job center's determination that Claimant is eligible for compensation. RSI appealed to the UCBR, which affirmed the referee's decision and specifically adopted the referee's findings and conclusions. RSI now petitions this court for review.[2]

RSI argues that the UCBR erred in concluding that Claimant was RSI's employee and not an independent contractor because the evidence establishes that RSI did not control the performance of Claimant's work. A determination regarding the existence of an employer/employee relationship is a question of law that depends upon the unique facts of each case. *Danielle Viktor, Ltd. v. Department of Labor*

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*and Industry, Bureau of Tax Operations,* 586 Pa. 196, 892 A.2d 781 (2006).

▇ Section 402(h) of the Law provides that an employee shall be ineligible for compensation for any week in which he is engaged in self-employment. The Law does not define the term "self-employment"; however, section 4(*l*)(2)(B) of the Law defines the term "employment," in pertinent part, as follows:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that-(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B). This section establishes a presumption that an individual earning wages for services rendered is an employee, as opposed to an independent contractor, and it also allows a putative employer to overcome that presumption by showing that: (a) the individual was free from control and direction in the performance of his work; and (b) in the performance of his services, the individual was customarily engaged in an independently established business or occupation. *Beacon Flag Car Co. Inc. (Doris Weyant) v. Unemployment Compensation Board of Review,* 910 A.2d 103 (Pa.Cmwlth.2006). Unless both of these showings are made, the presumption stands that one who performs services for wages is an employee.[3] *Id.*

▇ In this case, the first element—the issue of control—involves a determination of whether RSI, *not the client,* had the right to control the work to be done as well as the manner in which Claimant performed his work. *Id.; Krum v. Unemployment Compensation Board of Review,* 689 A.2d 330 (Pa.Cmwlth.1997). In reviewing the question of control, courts will consider many factors, such as: whether there was a fixed rate of remuneration; whether taxes were deducted from the claimant's pay; whether the presumed employer supplied equipment and/or training; whether the presumed employer set the time and location for the work; whether the presumed employer had the right to monitor the claimant's work and review his performance; and the requirements and demands of the presumed employer. *Id.; Venango Newspapers v. Unemployment Compensation Board of Review,* 158 Pa. Cmwlth. 379, 631 A.2d 1384 (1993). No single factor is controlling, *Sharp Equipment Company v. Unemployment Compensation Board of Review,* 808 A.2d 1019 (Pa.Cmwlth.2002), and, therefore, the ultimate conclusion must be based on the totality of the circumstances.

▇ Unfortunately, the decision adopted by UCBR did not address all of the factual issues that are essential to the legal determination of Claimant's eligibility for benefits. For example, the referee's Findings of Fact, No. 9 states that Claimant was assigned to work on projects, but it does not indicate who made the assign-

---

3. Although the UCBR did not address the second element,—whether, in the performance of his services, Claimant was customarily engaged in an independently established business or occupation—we note that our courts have identified two factors as important in making this evaluation: (1) whether the individual was capable of performing the activities in question for anyone who wished to avail themselves of the services; and (2) whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services. *Beacon Flag Car Co.*

ments. Similarly, the referee's Findings of Fact, No. 10 states that Claimant's work was closely supervised but does not state by whom.[4] Moreover, although the referee found that Claimant worked at the client's facility, that he was required to provide daily progress reports to the client and that the client provided Claimant the tools, supplies and equipment necessary to perform his duties, (referee's Findings of Fact, Nos. 6, 11, 12), the UCBR apparently relied on other factors to conclude that Claimant was an employee of RSI, even though those factors are not clearly identified in the referee's decision.[5]

■ We recognize that the record contains ample testimony and other evidence that would support additional, necessary findings; however, it is for the UCBR, and not this court, to provide findings of fact that are sufficiently specific to reveal the nature of the employment relationship, if any, that existed. *D.K. Abbey Marketing, Inc. v. Unemployment Compensation Board of Review*, 165 Pa.Cmwlth. 292, 645 A.2d 339 (1994).

In addition, we find the legal analysis adopted by the UCBR wanting. For example, the analysis portion of the decision states that, in the instant case, Claimant worked for more than 10 months for the "client employer." (R.R. at 69a.) We are troubled by the UCBR's failure to recognize a distinction between RSI and the client; as previously indicated, the question to be resolved here is whether RSI, and not the client, exercised, or had the authority to exercise, control over the per-

formance of Claimant's work. *Beacon Flag Car Co.*

Accordingly, we vacate the UCBR's order and remand this case to the UCBR for the making of adequate findings of fact necessary for the application of section 4($l$)(2)(B) of the Law to this matter.

### ORDER

AND NOW, this 25th day of November, 2008, the order of the Unemployment Compensation Board of Review (UCBR), dated March 13, 2008, is hereby vacated, and this matter is remanded to the UCBR for the purpose of issuing findings of fact necessary for effective appellate review.

Jurisdiction relinquished.

---

4. We also point out that the referee's Findings of Fact, No. 1, "The claimant was last employed ... by [RSI]" actually is a legal conclusion.

5. To the extent that the UCBR relied on the existence of a non-compete clause in the parties' Contract Agreement, we note that this court has repeatedly rejected the contention

that the mere existence of such a clause renders the party agreeing to it an employee of the other party. *Beacon Flag Car Co.; Electrolux Corporation v. Department of Labor and Industry, Bureau of Employer Tax Operations*, 705 A.2d 1357 (Pa.Cmwlth.), *appeal discontinued*, 555 Pa. 722, 724 A.2d 936 (1998).