# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Douglas Welles, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 825 & 826 C.D. 2024 |
| | : | Submitted: July 7, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED:  August 26, 2025**

In this consolidated appeal, Douglas Welles (Claimant) has petitioned this Court to review adjudications of the Unemployment Compensation Board of Review (Board), which affirmed the decisions of the Referee, denying Claimant unemployment compensation (UC) benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1]  Upon review, we conclude that the Board erred in its reliance on our Supreme Court's decision in *Starinieri v. Unemployment Compensation Board of Review*, 289 A.2d 726 (Pa. 1972).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).  The Law's section numbers are distinct from "the sections provided in Purdon's Pennsylvania Statutes, which is an unofficial codification of Pennsylvania law." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 n.1 (Pa. 2025).  For clarity, we may refer to provisions of the Law "only by their Purdon's citation." *Id.*

Accordingly, we vacate the Board's adjudications and remand with instructions to apply the appropriate test for self-employment as set forth in 43 P.S. § 753(*l*)(2)(B).

## I. BACKGROUND[2]

In February 2023, Gareth Jones hired Claimant to establish a corporate entity for Immersive Reality (the Company), a company based outside the United States and of which Jones was the CEO. Claimant and Jones were the only employees of the Company. Claimant established the corporation and served as president and treasurer. Claimant also searched for business partners who could sell the Company's products in the United States. To that end, Claimant handled communications with potential partners and entered into contracts on behalf of the Company. Jones fired Claimant in October 2023.

Claimant filed for UC benefits for four weeks in November 2023 and for numerous weeks from December 2023 until November 2024.[3] The UC Service Center found Claimant ineligible under 43 P.S. § 802(h).[4] Claimant timely appealed, and the Referee held a hearing at which Claimant testified. *See* Notes of Testimony (N.T.), 2/16/24. Citing *Starinieri*, the Referee concluded that Claimant was self-employed because he exercised substantial control over the Company as evidenced by his corporate positions, the infrequent contact with Jones, and the fact that

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which accepted the Referee's findings and is supported by substantial evidence. *See* Bd.'s Op., 6/7/24; Referee's Op., 2/22/24.

[3] The Board's decision regarding Claimant's application for benefits in November 2023 is docketed at 2024001671-BR. The decision regarding Claimant's application for benefits in December 2023 is docketed at 2024001672-BR. The Referee held one hearing on the matter and issued near-identical decisions. The Board also addressed the applications in near-identical decisions. Thereafter, this Court consolidated Claimant's timely appeals. Cmwlth. Ct. Order, 8/15/24.

[4] The Law provides: "[a]n employee shall be ineligible for compensation for any week . . . (h) [i]n which he is engaged in self-employment." 43 P.S. § 802(h).

2

Claimant was the only employee in the United States.

Claimant timely appealed to the Board, which adopted the Referee's findings and conclusions as its own. Claimant then timely petitioned this Court for review.

## II. ISSUE

Claimant contends that the Board erred in concluding that Claimant was self-employed. Claimant's Br. at 11.[5]

## III. DISCUSSION[6]

Claimant asserts that the Board improperly relied on *Starinieri* pursuant to our Supreme Court's decision in *Lowman v. Unemployment Compensation Board of Review*, 235 A.3d 278 (Pa. 2020). Claimant's Br. at 11. In Claimant's view, *Starinieri*'s "substantial control over the corporation" standard is not the appropriate test for self-employment. *Id.* (quoting *Lowman*, 235 A.3d at 298-99). The proper test for self-employment, according to Claimant, comes from 43 P.S. § 753(*l*)(2)(B). *Id.* at 6 (citing *Lowman*, 235 A.3d at 298). That provision contains a two-part test for evaluating a claim of self-employment. *Id.* at 7. These two inquiries (discussed in detail below) are referred to as the "control" and "independence" factors. *Id.*

Claimant argues the evidence established that Claimant was subject to the control and direction of Jones. Claimant's Br. at 7. Specifically, Claimant could

---

[5] Claimant also challenges several factual findings of the Board. Claimant's Br. at 7-10. Generally, the Board's findings are conclusive on appeal provided they are supported by substantial evidence. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019). However, in light of our disposition, we need not address Claimant's challenge to the Board's findings at this time. Similarly, we do not address Claimant's allegation that the Board failed to review his brief and the transcript of the Referee hearing.

[6] This Court's review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022).

3

not "hire or fire employees, sign contracts, engage with business partners or attend trade shows without the express authorization of" Jones. *Id.* Further, Claimant asserts that the Board erred by ignoring the separation agreement between Claimant and the Company, which provided that Claimant was an employee and that the Company would not contest UC benefits. *Id.* at 10.

The Board concedes that, in light of *Lowman*, the Referee and Board improperly referenced *Starinieri*, but the Board suggests that the record supports a finding of self-employment under the proper standard set forth in 43 P.S. § 753(*l*)(2)(B). Bd.'s Br. at 15. The Board asserts that Claimant had a "considerable role in guiding the company's direction" and points to evidence that Claimant was the only employee in the United States, that Jones hired Claimant to establish the corporate entity, and that Claimant negotiated and signed contracts. *Id.* at 15-16. Regarding the separation agreement, the Board responds that the parties' subjective intention is not relevant in determining whether Claimant is self-employed. *Id.* at 11-12 (quoting *Lowman*, 235 A.3d at 305).

The General Assembly enacted the Law to assist individuals who become unemployed through no fault of their own. 43 P.S. § 752; *Pileggi v. Unemployment Comp. Bd. of Rev.*, 212 A.3d 1149, 1152 (Pa. Cmwlth. 2019). However, "[a]n employee shall be ineligible for compensation for any week . . . in which he is engaged in self-employment." 43 P.S. § 802(h). The issue of self-employment is a question of law subject to the plenary review of this Court. *Pileggi*, 212 A.3d at 1152.

The Law does not define "self-employment." *See generally* 43 P.S. §§ 751-919.5. However, the Law defines "employment" as "all personal service performed for remuneration . . . ." 43 P.S. § 753(*l*)(1). The Law elaborates that

4

"[s]ervices performed by an individual for wages shall be deemed to be employment" until the evidence establishes that the individual is "free from control or direction" of others in performing the services and that the individual is "customarily engaged in an independently established . . . business." 43 P.S. § 753(*l*)(2)(B). Section 753(*l*)(2)(B) "provides the test for determining whether an individual is 'engaged in self-employment' as that term is used in Section 802(h)." *Lowman*, 235 A.3d at 298. *Starinieri*, on the other hand, does not provide a "self-standing definition of self-employment" because the issue in *Starinieri* was not whether the claimant was self-employed.[7] *Id.* Thus, to determine whether an individual is self-employed, one must apply the two-part test from Section 753(*l*)(2)(B), and the Board erred by basing its conclusion on the *Starinieri* standard. *See also Hope v. Unemployment Comp. Bd. of Rev.*, 308 A.3d 944, 950 (Pa. Cmwlth. 2024) (recognizing that the Board improperly relied on *Starinieri* in determining whether a claimant was self-employed).

Section 753(*l*)(2)(B) creates a presumption of employment, and the presumption remains until the Board credits substantial evidence that the claimant (1) is "not subject to control and [(2)] is customarily engaged in an independently established trade, occupation, profession or business." *Lowman*, 235 A.3d at 300. Both factors must be assessed on the facts of the particular case, and no one fact is determinative. *Id.* at 302-03.

---

[7] In *Starinieri*, the claimant owned 15 of the corporation's 40 shares and served on the board of directors. *Starinieri*, 289 A.2d at 727. The claimant became unemployed after the corporation filed a voluntary bankruptcy petition. *Id.* at 726. The question before the Supreme Court was "whether the claimant was in a position to direct the filing of the voluntary bankruptcy petition, which ended the company's ability to employ the claimant and precipitated the claim for benefits." *Lowman*, 235 A.3d at 298-99.

First, the evidence must show that Claimant was free from the control and direction of others. *Id.* at 303. "Control . . . is not a matter of approving or directing the final work product so much as it is a matter of controlling the means of its accomplishment." *Id.* (quoting *CE Credits OnLine v. Unemployment Comp. Bd. of Rev.*, 946 A.2d 1162, 1169 (Pa. Cmwlth. 2008)). Indicia of control include "whether there is a fixed rate of remuneration; whether taxes are withheld from the claimant's pay; whether the employer supplies the tools necessary to carry out the services; whether the employer provides on-the-job training; and whether the employer holds regular meetings that the claimant was expected to attend." *CE Credits*, 946 A.2d at 1168; *see also Stauffer v. Unemployment Comp. Bd. of Rev.*, 74 A.3d 398, 404-05 (Pa. Cmwlth. 2013) (considering the terms of any written contract between the parties, whether claimant's work was subject to supervision and review, and whether the claimant was free to refuse work assignments without repercussions, in addition to the factors from *CE Credits*); *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 786, 789-90 (Pa. Cmwlth. 2008) (considering, *inter alia*, who set the price for services and whether the claimant was subject to a non-compete agreement).

Importantly, the type of "control" relevant to Section 753(*l*)(2)(B)(a) differs from that discussed in *Starinieri*. Section 753(*l*)(2)(B)(a) refers to the control exercised by others over the claimant. 43 P.S. § 753(*l*)(2)(B)(a); *Lowman*, 235 A.3d at 300. On the other hand, the *Starinieri* standard focuses on the degree of control the claimant exercised over the corporation. *Starinieri*, 289 A.2d at 728. After reviewing the Board's argument regarding Section 753(*l*)(2)(B)(a), we observe that the Board focused largely on the degree of control Claimant exercised over the Company. Bd.'s Br. at 15-17. On remand, the Board must focus on whether

6

*Claimant* was free from the direction and control of others regarding the manner in which he provided his services to the Company.

Second, the evidence must show that Claimant was "customarily engaged in an independently established trade, occupation, profession or business." 43 P.S. § 753(*l*)(2)(B)(b). Evidence relevant to this inquiry includes whether "the claimant has acquired the traditional trappings of a business, *e.g.*, a license, a lease, an ownership interest in the assets of a trade or business, business cards, clients, advertising . . . ." *Lowman*, 235 A.3d at 302-03. Additional considerations include whether the claimant was free to provide his services to more than one entity with no adverse consequences, whether the operation of the business depended on the claimant, and whether the claimant possessed "the requisite interest and tools of [the] trade necessary for the conduct of the business." *Danielle Viktor, Ltd. v. Dep't of Labor & Indus., Bureau of Emp. Tax Operations*, 892 A.2d 781, 801-02 (Pa. 2006). While ownership of assets and assumption of financial risk are relevant factors, they are not dispositive, and like the control factor, whether a claimant is engaged in "an independently established business" will depend on the facts of each case. *Id.* at 801.

This Court can conduct meaningful appellate review only if the Board has addressed the factual issues needed to resolve Claimant's eligibility for UC benefits. *D.K. Abbey Mktg., Inc. v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 339, 342 (Pa. Cmwlth. 1994). Only the Board, not this Court, can make factual findings regarding the relationship between Claimant and the Company, even if the record contains sufficient evidence to make the necessary findings. *Resource Staffing, Inc. v. Unemployment Comp. Bd. of Rev.*, 961 A.2d 261, 265 (Pa. Cmwlth. 2008). If the Board's findings do not address all the relevant factors we need to

7

apply the two-part test from Section 753(*l*)(2)(B), we must remand the matter to the Board for additional factfinding. *Id.*

In this case, the Board made findings on some, but not all, of the facts necessary for a full evaluation of whether Claimant was self-employed. For example, the Board made findings as to Claimant's fixed rate of remuneration and the regularity of meetings between Claimant and Jones. *See* Referee's Op. at 2, Findings of Fact (F.F.) Nos. 7, 11. However, the Board made no findings as to whether taxes were withheld from Claimant's pay, who supplied the necessary tools, or whether the Company provided any training to Claimant. These findings, along with the others discussed above, are needed to determine whether Jones controlled or directed the manner in which Claimant provided his services. Similarly, while the Board made a finding as to Claimant's partial ownership of the Company, F.F. No. 2, effective appellate review of the "independently established business" factor requires additional findings. On remand, the Board should perform additional factfinding on the remaining factors under Section 753(*l*)(2)(B), then apply the proper two-part test to determine whether Claimant was self-employed. *See D.K. Abbey*, 645 A.2d at 342.

## IV. CONCLUSION

For these reasons, we vacate the Board's order finding Claimant ineligible for UC benefits, and we remand this matter to the Board to allow the Board to make findings of fact sufficient to apply Section 753(*l*)(2)(B).

**LORI A. DUMAS, Judge**

8

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Douglas Welles, : **CASES CONSOLIDATED**
             Petitioner :
              :
        v. : Nos. 825 & 826 C.D. 2024
              :
Unemployment Compensation :
Board of Review, :
             Respondent :

## **O R D E R**

AND NOW, this 26th day of August, 2025, we VACATE the orders of the Unemployment Compensation Board of Review, dated June 7, 2024, and we REMAND this matter to the Board with instructions to issue new findings of fact and conclusions of law in accordance with the foregoing opinion.

Jurisdiction relinquished.

 

**LORI A. DUMAS, Judge**