Patrick J. DOYLE, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 2012.

Decided Jan. 4, 2013.

Marc E. Weinstein, Trevose, for petitioner.

Valerie J. Sprenkle, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Patrick J. Doyle (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee denying him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] for failing to comply with the terms of Service Management Systems' (Employer) Performance Improvement Plan. For the reasons that follow, we affirm the Board.

Claimant worked as a Facility Manager for Employer at the Willow Grove Park Mall from August 15, 2005, until September 9, 2011, at a rate of $22.84 per hour. Due to a number of issues with Claimant's job performance that culminated in the filing of a lawsuit against Employer by a former employee, Greg Moore (Moore), Employer's Division Manager, and Samuel Saylor (Saylor), Employer's Operations Manager, met with Claimant and presented him with a Performance Improvement Plan on August 3, 2011. The Performance Improvement Plan listed 12 guidelines that Claimant was expected to follow immediately, in addition to his regular job responsibilities. One of the 12 guidelines required Claimant to retake four online "HR Boot Camp Sessions" (webinars) within 30 days of signing the Performance Improvement Plan. The Performance Improvement Plan provided, in relevant part:

Your success as the Facility Manager at Willow Grove Park is contingent on establishing and maintaining a level of compliance in all administrative/operational areas as well as improving your

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). That section provides, in relevant part:

An employe shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

communication with [Employer's] employees. Failure to make the necessary changes to both your communication and the performance of the operation as a whole will result in termination from [Employer].

Your signature below represents acknowledgement of this performance plan and the conditions set forth within for your continued employment with [Employer]. It does not indicate agreement with its contents.

(Certified Record at 3). Claimant refused to sign the Performance Improvement Plan and did not complete any of the four required webinars. On September 9, 2011, Employer discharged Claimant.

Claimant filed for unemployment compensation benefits with the UC Service Center, which granted benefits, and Employer appealed. Before the Referee, Saylor, Employer's Operations Manager and Claimant's supervisor, testified that he was involved in the investigation that led to Employer issuing the Performance Improvement Plan to Claimant. He testified that when he presented the Performance Improvement Plan to Claimant on August 3, 2011, Claimant indicated that he disagreed with the plan and refused to sign it. Saylor explained that Employer required Claimant to retake the four webinars (Sexual Harassment, Discrimination and Retaliation, and Making Discipline Effective Part I and Part II) as part of the Performance Improvement Plan because of the pending lawsuit against Employer. He testified that the reason for Claimant's termination was Claimant's failure to comply with the Performance Improvement Plan, noting that Claimant "didn't even log on to the webinar" and "showed no initiative to even begin the process." (December 2, 2011 Hearing Transcript at 11). Saylor stated that although he was not personally responsible for the decision to terminate Claimant, he, along with Moore, advised Claimant of his termination, and the reason for termination provided to Claimant at that meeting was failure to comply with the Performance Improvement Plan. *Id.* at 6. Finally, Saylor testified that Claimant did not offer any explanation during the termination meeting as to why he failed to complete the required webinars.

Claimant testified that when Moore and Saylor presented him with the Performance Improvement Plan on August 3, 2011, he informed them that he would not sign the document. He testified that he did not sign the plan because he disagreed with it and his attorney had advised him not to do so. Claimant admitted that he did not complete the required webinars. He explained that although he disagreed with the Performance Improvement Plan, he did comply with some of the plan's requirements, and intended to complete the webinars but was unable to do so because of his other job responsibilities. However, he testified that he never requested additional time to complete the required webinars.

 Finding that "Claimant was discharged for his failure to comply with the Performance Improvement Plan," (Referee's Finding of Fact No. 13), the Referee concluded that Claimant's actions constituted willful misconduct rendering him ineligible for benefits under Section 402(e) of the Law. The Referee also rejected Claimant's assertion that he was not required to meet the Performance Improvement Plan's guidelines because he never signed the plan, noting that "[C]laimant did not refute the fact he took steps to satisfy some of the guidelines until his employment was terminated." (Referee's Decision at 3). Claimant appealed to the Board, which adopted the Referee's findings and conclu-

sions and affirmed the denial of benefits. This appeal by Claimant followed.[2]

 On appeal, Claimant argues that Employer failed to meet its burden of proving that Claimant was terminated for willful misconduct[3] because Operations Manager Saylor did not make the ultimate decision to terminate Claimant, he was not personally aware of the rationale for the termination, and his testimony in that respect was inadmissible hearsay.

Contrary to Claimant's assertion that Saylor was not personally aware of the rationale for terminating Claimant's employment, Saylor testified that he was present when Claimant was advised of his termination and that the reason for termination presented by Employer at that time was Claimant's failure to comply with the Performance Improvement Plan, which also was admitted into evidence. Moreover, just because Saylor was not the ultimate decision-maker does not mean, as Claimant contends, that his testimony as to the reason for Claimant's discharge does not constitute competent evidence. *See Yost v. Unemployment Compensation Board of Review,* 42 A.3d 1158, 1165 n. 8 (Pa.Cmwlth.2012) (Police Chief who was claimant's supervisor and was closely involved in decisional process to fire claimant could testify as to reason for discharge, despite fact that Borough Council was ultimate decision-maker).

██ In any event, Claimant's own testimony established that his discharge was due to his willful misconduct. He testified that he was aware of the Performance Improvement Plan's requirement to complete the four webinars and that his failure to comply with that directive would result in his termination. Claimant acknowledged that he did not complete any of the four webinars within the required 30–day period, and his justification that he intended to comply with all of the plan's requirements but did not do so because he was overburdened with other assignments was not accepted by the Board.[4]

---

2. Our review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review,* 833 A.2d 1181, 1183 n. 4 (Pa.Cmwlth.2003).

3. To disqualify an employee from receiving unemployment benefits, the employer must prove: (1) that the employee was engaged in willful misconduct; and (2) that the willful misconduct was the "actual reason" or the "cause" for the employee's separation from employment. *PrimePay, LLC v. Unemployment Compensation Board of Review,* 962 A.2d 684, 687 (Pa.Cmwlth.2008). Willful misconduct has been defined as:

(1) wanton or willful disregard for an employer's interests; (2) deliberate violation of an employer's rules; (3) a disregard for the standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Philadelphia Parking Authority v. Unemployment Compensation Board of Review,* 1 A.3d 965, 968 (Pa.Cmwlth.2010). Where a claimant is discharged for a work rule violation, the employer has the burden to show that the claimant was aware that the work rule existed and that the claimant violated the rule. *Id.* The employer must also establish that the claimant's actions were intentional and deliberate, and the employee's actions must be considered in light of all the circumstances, including the reasons for his or her noncompliance with the employer's directives. *Id.*

4. In an unemployment compensation case, the Board is the ultimate factfinder and is empowered to make credibility determinations. In making those determinations, the Board may accept or reject the testimony of any witness in whole or in part. *McCarthy v. Unemployment Compensation Board of Review,* 829 A.2d 1266, 1269–70 (Pa.Cmwlth. 2003). We will not disturb the Board's credibility determinations on appeal.

Accordingly, because there is substantial evidence to support the finding that Claimant's failure to complete all the requirements of the Performance Improvement Plan constituted willful misconduct, the order of the Board is affirmed.

### ORDER

AND NOW, this 4th day of January, 2013, the order of the Unemployment Compensation Board of Review, dated February 22, 2012, at No. B–531001, is affirmed.