IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dane J. Sayles,                              :
                                             : No. 2412 C.D. 2014
                     Petitioner              : Submitted: July 17, 2015
                                             :
              v.                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                     Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                         FILED:  August 13, 2015


           Dane J. Sayles (Claimant) petitions for review of the December 11, 2014, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation benefits. The UCBR determined that Claimant was ineligible for benefits under section 402(e.1) of the Unemployment Compensation Law (Law)[1] due to his discharge from work for failing to submit to a random drug/alcohol test.  We affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e.1).  Section 402(e.1) of the Law was added by the Act of December 9, 2002, P.L. 1330. Section 402(e.1) of the Law provides:

           An employe shall be ineligible for compensation for any week-
                                        . . .
**(Footnote continued on next page…)**

Claimant was a full-time employee of Aqua Transfer and Oilfield Services (Employer). Employer has a substance abuse policy that permits Employer to randomly drug/alcohol test an employee, and that an employee's failure to submit to testing may result in the employee's discharge. Claimant was aware of Employer's drug/alcohol testing policy and the consequences of failing to submit to testing. On March 26, 2014, Jacob Lowther, Employer's human resources manager, informed Claimant that he was required to take a random drug/alcohol test. On the way to the testing facility that same day, Claimant told Lowther that he would not submit to the test because he did not believe he would pass it. On March 27, 2014, Employer discharged Claimant for failing to submit to a random drug/alcohol test. (Findings of Fact, Nos. 2-7.)

Claimant applied for benefits, which the local service center denied. Claimant appealed to the referee, who held a hearing on August 1, 2014. Claimant did not appear at the hearing. Lowther and Tonya James, Employer's human resources generalist, testified on behalf of Employer. James stated that Claimant refused to submit to testing on March 26, 2014. (N.T., 8/1/14, at 6.) When the referee asked James if she had firsthand knowledge of Claimant's failure to submit to

_____

**(continued…)**

(e.1) In which his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement.

43 P.S. § 802(e.1).

2

testing, James said "[n]o, that would be Mr. Lowther." (*Id.*) The referee then asked Lowther about Claimant's failure to submit to testing, and Lowther provided the following testimony:

> EW2: I asked [Claimant] to come with me for a drug test and he complied. As we were driving to the – or as I was escorting him actually to the laboratory to take the test, he then changed his mind and said that he does not wish to take a test. And I informed him that as of right now he is refusing to take a drug test . . . and that is cause for termination. And he complied and that's that.
>
> . . .
>
> R: Did [Claimant] offer a reason why he changed his mind?
>
> EW2: Yes ma'am. He said that he would not pass the drug test.
>
> R: Was this a random test or was there a reason that he was being selected for this test?
>
> EW2: No ma'am, it was a random [test].
>
> R: And he was aware that he may be subject to random testing when he started the work here?
>
> EW2: Yes ma'am.
>
> R: Is there anything else, Mr. Lowther, that you would like to say?
>
> EW2: No ma'am.

(*Id.* at 6-7.) The referee affirmed the service center's denial of benefits, concluding that Claimant was ineligible for benefits under section 402(e.1) of the Law because of

3

his failure to submit to a random drug/alcohol test in violation of Employer's substance abuse policy. (Referee's Decision at 2.)

Claimant appealed to the UCBR, arguing that he was not present at the August 1, 2014, referee hearing. The UCBR remanded to the referee to hold a hearing on that issue. The UCBR's remand notice stated that the parties could provide additional evidence on the merits, but that the UCBR would not consider any new evidence on the merits if it determined that Claimant did not have good cause for his nonappearance on August 1, 2014. (Remand Memo at 1.)

On October 2, 2014, the referee conducted a telephone hearing at which Claimant testified. On December 11, 2014, the UCBR affirmed the referee's August 11, 2014, decision and adopted the referee's findings of fact and conclusions of law. The UCBR determined that Claimant did not have good cause for failing to appear at the August 1, 2014, referee hearing and that Claimant failed to submit to a random drug/alcohol test in violation of Employer's substance abuse policy. (UCBR's Order at 1.) Claimant filed a request for reconsideration, which the UCBR denied. Claimant now petitions this court for review.[2]

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

On appeal, Claimant argues that the UCBR's finding that he failed to submit to a random drug/alcohol test on March 26, 2014, is not supported by substantial evidence.[3] We disagree.[4]

Under section 402(e.1), an employer must prove that it maintained a substance abuse policy and that the claimant violated the policy. *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 736 (Pa. Cmwlth. 2010). Once the employer satisfies its burden, the claimant will be ineligible for benefits unless he proves that the employer's substance abuse policy violates the law. *Id.* In unemployment compensation proceedings, the UCBR is the ultimate factfinder and is empowered to weigh evidence and make credibility determinations. *Doyle v. Unemployment Compensation Board of Review*, 58 A.3d 1288, 1291 n.4 (Pa. Cmwlth. 2013). The UCBR's findings of fact are conclusive on review provided that they are supported by substantial evidence of the record as a whole. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). "This [c]ourt must examine the evidence in the light most favorable to the party who prevailed before the [UCBR], and to give that party the benefit of all inferences that can be logically and reasonably drawn from the testimony." *Id.*

---

[3] "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the findings of the UCBR." *Ellis v. Unemployment Compensation Board of Review*, 749 A.2d 1028, 1031 n.6 (Pa. Cmwlth. 2000).

[4] Claimant also requests that this case be remanded to the UCBR so that Claimant may cross-examine Lowther. However, Claimant does not argue in his brief that the UCBR erred in concluding that Claimant failed to establish good cause for his nonappearance at the first hearing. Issues not developed in the brief are waived on appellate review. *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998).

5

Here, Lowther testified that when he warned Claimant that Claimant's refusal was grounds for discharge, "[Claimant] complied and that was that." Claimant argues that Lowther's statement that Claimant "complied" contradicts the UCBR's finding that Claimant refused to submit to testing.[5]  Although Lowther's word choice may have been confusing, Lowther subsequently testified that Claimant decided not to take the test because Claimant thought he would fail.  James similarly testified that Claimant refused to submit to a random drug/alcohol test.  Viewing the record as a whole and in the light most favorable to Employer, we conclude that substantial evidence supports the UCBR's finding that Claimant refused to submit to Employer's random drug/alcohol test.

Accordingly, we affirm.

_____
ROCHELLE  S.  FRIEDMAN,  Senior  Judge

_____

[5] The referee stated that its findings were based solely on Lowther's and James' testimonies at the August 1, 2014, hearing.  (Referee's Decision at 2.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dane J. Sayles,                 :
                                : No. 2412 C.D. 2014
            Petitioner      :
                                :
           v.                :
Unemployment Compensation    :
Board of Review,               :
                                :
           Respondent   :

O R D E R

AND NOW, this 13th day of August, 2015, we hereby affirm the December 11, 2014, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge