IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith M. Rinehimer, : 
          Petitioner : 
       : 
      v. : No. 533 C.D. 2015
       : Submitted: August 28, 2015
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI       FILED: September 18, 2015

        Keith M. Rinehimer (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) finding him ineligible for unemployment compensation (UC) benefits under Section 402(e.1) of the Unemployment Compensation Law (Law)[1] because his termination from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by the Act of December 9, 2002, P.L. 1330, 43 P.S. §802(e.1). Section 402(e.1) provides:

        An employe shall be ineligible for compensation for any week--

                *   *   *

        (e.1) In which his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or

**(Footnote continued on next page…)**

employment with Craft Oil Corporation (Employer) was due to his failure to pass an alcohol test conducted pursuant to Employer's drug alcohol policy. Finding no error in the Board's decision, we affirm.

Claimant was employed as a full-time service technician for Employer. He was selected for random drug testing under Employer's established drug and alcohol policy, of which Claimant was aware, providing for random testing. Claimant's drug test result was negative, but the alcohol test result was positive so he was given a breathalyzer for the alcohol test, which showed a blood alcohol content (BAC) of .045. Claimant was administered a second breathalyzer within approximately 15 minutes of the first one, the result of which was a BAC of .039. Pursuant to the Employer's policy, a BAC of .02 or greater is considered under the influence and reporting to work under the influence is a violation of the policy which can lead to disciplinary action up to, and including, discharge.[2] Claimant was immediately suspended following his second breathalyzer result and discharged after a review by human resources.

---

**(continued…)**

> pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement.

No allegation is made here that the test was in violation of the law or a collective bargaining agreement.

[2] The Referee's Findings of Fact states that, "All prior incidences involving employees who had a breath value of .02 or greater resulted in the [employee] being discharged." (R. Item 9, at 1, Finding of Fact No. 11.)

Following his separation from Employer, Claimant filed an application for UC benefits. The Scranton Unemployment Compensation Service Center (Service Center) found Claimant ineligible for benefits because he failed a drug and alcohol test conducted under an established drug and alcohol policy. Claimant appealed the Service Center's determination.

Before the Referee, Claimant testified that he had had a couple of drinks the night before the drug and alcohol test and did not realize that he had not taken his insulin until after the test. He explained that due to his failure to take his insulin after drinking, his pancreas did not process the sugars from the alcohol and the alcohol remained in his system. Claimant admitted that he possessed and was aware of the drug and alcohol policy.

Claimant also submitted into evidence information about diabetes and medication and drug interaction from www.talkingalcohol.com, and a letter from his primary care physician confirming that Claimant is a Type 1 diabetic and requires insulin therapy.

Jean McGinty, Employer's Director of Human Resources, testified that because Claimant's BAC was almost double the level provided in the policy, Claimant was discharged per Employer's policy of discharging employees who failed a drug or alcohol test. Ms. McGinty testified that although she was unaware of the effect of Claimant's diabetes on the breathalyzer test, she would have likely taken that information and given it to a medical review officer to review, but that Claimant would definitely be disciplined as his BAC was nearly double what

Employer allows in its policy.[3] She also testified that Claimant was aware of Employer's drug and alcohol policy because the policy is included in Employer's "employee handbook as well as given to employees on hire." (R. Item 8, at 3.)

Finding that Claimant was aware of Employer's drug and alcohol policy, the Referee found Claimant ineligible for UC benefits because he reported to work under the influence of alcohol as that term is defined in Employer's policy.

---

[3] Jean McGinty testified the following:

> R: Okay. So we'll mark that as Employer Exhibit 1. Ms. McGinty, I don't know if you'll be able to answer this or not, but I'll ask it. [I]f -- had you known the circumstances regarding him -- the insulin and received that information, do you think that he -- do you know if he would've been discharged or received some other type of discipline or not received any discipline at all or -- I don't know if you'd be able to answer that. Like, if you brought back that…
>
> EW: I really don't. Probably, what I would do is take the information and give it to a third party to review and see if those levels are consistent with what was provided.
>
> R: Okay. Like the medical review officer…
>
> EW: Um-hum.
>
> R: … you would give it and see…
>
> EW: But there would definitely be disciplinary action, absolutely.
>
> R: Okay.
>
> EW: I mean, it's more than double what we allow in the policy.

(R. Item 8, at 12.)

The Referee further found that Claimant could only "surmise" that his failure to take his insulin the night before the test resulted in the reduced alcohol metabolization as there was no documented medical explanation for the results of the test. Claimant appealed to the Board which affirmed.[4] This appeal followed.[5]

On appeal, Claimant again contends that his positive alcohol test was a result of his failure to take his insulin the night before the test was administered. Under Section 402(e.1) of the Law, all that an employer must prove is that it maintained a substance abuse policy, which the claimant violated. *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 736 (Pa. Cmwlth. 2010). Once the employer satisfies its burden, the claimant will be ineligible for benefits unless he can establish that the test results were inaccurate or that employer's substance abuse policy violates the law or collective bargaining agreement, none of which is alleged here. *Id.*

Here, Employer had an established drug and alcohol policy which applied to "all associates[6]… on or off premises, including on-call associates." (R. Item 8, at E-1.) Claimant was aware of the policy. The policy provides that

---

[4] In affirming the Referee's decision, the Board adopted and incorporated the Referee's findings and conclusions.

[5] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

[6] Associates include "[any] person who performs a service or services for the [Employer] in exchange for compensation." (R. Item 8, at E-1.)

Employer may require associates to submit to drug and alcohol testing as part of a random testing program. Associates who violate the policy are subject to disciplinary action up to and including termination. An associate will be considered in violation of the policy when he or she "report[s] to work under the influence of illegal drugs or alcohol." *Id.* "Under the influence" of alcohol is a confirmed BAC of .02 or greater. Claimant was randomly tested pursuant to the policy and his BAC was above the limit set by the policy. Based on this evidence, Employer met its burden of proof.

Next, Claimant argues that his failure to take his insulin resulted in his high BAC levels. While Claimant's primary care physician confirmed his Type 1 diabetes diagnosis and his need to take insulin for it, the physician made no mention of insulin's effect on alcohol metabolism. The Board correctly held that other than Claimant's assertions, we have no evidence to establish that Claimant's failure to take his insulin is indeed the reason for his high BAC levels and subsequent violation of Employer's policy. Moreover, even if he established that his blood alcohol levels were the result of his failure to take insulin does not obviate the fact that his BAC still violated Employer's policy.

As to Claimant's contention that he did not sign Employer's drug and alcohol policy and, thus, cannot be held to it, this Court has held that even when a claimant does not sign a policy/plan, if said claimant is aware of the policy/plan, then he or she must be accountable to it. *Doyle v. Unemployment Compensation Board of Review*, 58 A.3d 1288, 1290-91 (Pa. Cmwlth. 2013).

6

Accordingly, the order of the Board is affirmed.


_____

DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith M. Rinehimer,                          :
                 Petitioner          :
                                   :
          v.                                       : No. 533 C.D. 2015
                                   :
Unemployment Compensation           :
Board of Review,                             :
                 Respondent        :

# **O R D E R**

AND NOW, this 18th day of September, 2015, the order of the Unemployment Compensation Board of Review dated February 20, 2015, at No. B-575346, is affirmed.

_____
DAN PELLEGRINI, President Judge