# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Ellen Karwatski,        :
                Petitioner    :
                                :
           v.            :   No. 2110 C.D. 2016
                                :   Submitted: September 15, 2017
Unemployment Compensation  :
Board of Review,           :
                Respondent  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED: December 28, 2017**

Petitioner Jessica Ellen Karwatski (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) dated November 23, 2016, which affirmed the Decision of the Referee who found Claimant was discharged for willful misconduct and was therefore ineligible for UC benefits pursuant to Section 402(e) of the UC Law (Law).[1] Also, before the Court is the Board's Motion to Quash Claimant's Petition for Review (Motion) as

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides that an employee is ineligible for UC benefits if "h[er] unemployment is due to h[er] discharge or temporary suspension from work for willful misconduct connected with h[er] work." *Id.*

untimely. After careful review, we deny the Board's Motion but must affirm the Board's Order.

The Board's findings are as follows. Claimant worked as a full-time customer service representative for Vertex US Holdings (Employer) from October 19, 2015, to June 7, 2016, at a rate of pay of $10 per hour. Employer has a policy that prohibits call avoidance, which includes placing a call back into the queue at the end of one's shift. At the time of her hire, Claimant went through a 60-day training in regard to handling telephone calls and the call avoidance policy. Claimant was warned that continued call avoidance would result in discipline up to and including termination.

On May 23, 2016, Claimant answered a call but then transferred the call back into the queue because it was her quitting time. On May 28, 2016, Employer discovered that Claimant transferred a call back into the queue without properly handling the call. An investigation of the matter was performed, during which Claimant's supervisor reviewed audio and video of the call and spoke with Claimant. As a result of the investigation, Claimant was terminated on June 7, 2016, for call avoidance in violation of Employer's policy.

Following her termination, Claimant applied for UC benefits. On July 29, 2016, the Erie UC Service Center found that although Claimant was discharged for unsatisfactory work, she performed her work to the best of her ability and therefore was not ineligible for benefits. On August 15, 2016, Employer filed a timely appeal. At a September 1, 2016 hearing before the Referee, Claimant did not appear, but two witnesses for the Employer did. Employer's witnesses testified that Employer had a call avoidance policy of which Claimant was aware and that Claimant violated the policy. The witnesses further testified that violation of the policy could result in

2

termination and that Claimant was terminated solely as a result of the violation of the call avoidance policy.

On September 6, 2016, the Referee reversed the UC Service Center's Notice of Determination and concluded that Claimant was ineligible for benefits under Section 402(e) of the Law. The Referee explained that Section 402(e) of the Law states that an employee shall be ineligible for UC benefits for any week in which the unemployment is due to discharge resulting from willful misconduct. (Referee Decision at 2.) The Referee stated, "The Pennsylvania Courts have consistently held that the deliberate violation of an employer's policies or rules will generally constitute willful misconduct in connection with the work, provided the employer provides competent evidence to establish the existence of its policy and the fact of its violation." (*Id.*) The Referee concluded that the testimony of Employer's witnesses met this burden of proving that Claimant's conduct qualified as willful misconduct under the Law and that there was no evidence of record to show Claimant had good cause for violating Employer's policy. (*Id.* at 3.)

Claimant appealed this Decision to the Board, asserting that she did not receive notice of the hearing until it had already taken place because she was unable to receive her mail in a timely fashion due to being homeless. On October 11, 2016, the Board remanded the case for an additional hearing before the Referee for the purpose of receiving testimony and evidence on Claimant's reason for her non-appearance at the first hearing and on the merits. Claimant appeared at the remand hearing and testified regarding her reason for missing the initial hearing and her

termination.[2]  During the hearing, the Referee explained to Claimant that the Notice of Hearing, dated August 22, 2016, explicitly instructed, "If you are prevented from attending the scheduled hearing because of a compelling reason you may request to have the hearing re-opened." (Hr'g Tr. at 9, R. Item 21.)  The Referee further explained that Claimant could have faxed or emailed her request and that he would have likely rescheduled the hearing. (*Id.*)  Claimant stated she must not have seen this information despite being instructed by a secretary at the Greensburg Referee Office to read all of the documents she received in the mail for instructions on what to do if she missed the hearing. (*Id.* at 7-9.)

Following the remand hearing, the Board issued an Order on November 23, 2016, affirming the Referee's Decision.  Specifically, the Board discredited Claimant's testimony that she did not receive notice of the hearing until the day after the original hearing and discredited Claimant's testimony that her mother intentionally withheld Claimant's mail.  Thus, the Board found Claimant did not have proper cause for missing the first hearing.  Because of the Board's decision not to credit Claimant's reason for missing the initial hearing, the Board did not address Claimant's testimony at the remand hearing concerning the merits of her appeal. The Board then adopted and incorporated the Referee's findings and conclusions as

---

[2] Claimant testified before the Referee that she did not receive the Notice of Hearing until the day after it took place.  Upon applying for UC benefits, Claimant provided her mother's address as her mailing address because she was homeless.  Claimant testified she was in a dispute with her mother during August 2016, and her mother purposely withheld Claimant's mail until September 2, 2016.  Turning to her termination, Claimant explained that she transferred the call back into the queue because she was very ill and needed to use the restroom, not because it was the end of her shift.  Claimant also explained she spoke to her supervisor about the incident the next morning and was told it was fine.

4

its own and found the Referee's determination was proper under the Law.  (Board Order, R. Item 14.)

On December 5, 2016, Claimant filed a written communication with this Court, indicating her intention to appeal the Board's Order.  Because this communication did not comply with the requirements for a petition for review,[3] in accordance with Section 211 of this Court's Internal Operating Procedures, 210 Pa. Code § 69.211,[4] this Court advised Claimant on December 6, 2016, that she was required to file a perfected petition for review within 30 days, or by January 5, 2017, and then her filing date of December 5, 2016, would be preserved.  The notice to Claimant also explained that if the petition for review was not received within 30 days of the notice, this Court would take no further action in the matter.  The Court received a faxed version of Claimant's Petition for Review (Petition) on January 6, 2017.

---

[3] The requirements for a petition for review are set forth in Pennsylvania Rule of Appellate Procedure 1513, Pa. R.A.P. 1513.

[4] Section 211 states:

> When the chief clerk receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the chief clerk shall time-stamp the written communication with the date of receipt.  The chief clerk shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the chief clerk's letter.  If the party fails to file a fully conforming petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

210 Pa. Code § 69.211.

By Order dated January 23, 2017, this Court sua sponte raised the timeliness of Claimant's Petition and directed the parties to address the appealability of the underlying order in their principal briefs on the merits. On February 1, 2017, the Board filed its Motion.[5] Claimant filed an Answer to the Board's Motion on February 21, 2017, arguing that she did, in fact, mail the Petition on December 16, 2016, as evidenced by the fact that the Office of the Attorney General received its copy. This Court indicated by Order dated February 28, 2017, that the Motion would be decided with the merits of the Petition.

Thus, for disposition before this Court are both Claimant's Petition and the Board's Motion. Before reaching the merits of Claimant's Petition, we must first consider the Board's Motion. According to the Board, the Court instructed Claimant that a perfected petition for review was required to be filed within 30 days of the mailing date of the notice, December 6, 2016, or else this Court would take no further action in this matter. Yet, Claimant did not file her Petition until January 6, 2017, which was 31 days after the mailing date of the notice. As a result, the Board argues Claimant's Petition is untimely.

In her Answer to the Board's Motion, Claimant asks this Court to consider her Petition, which she asserts she timely mailed on December 16, 2016. She points to the Office of the Attorney General receiving its copy of her Petition as evidence of her timely mailing. Claimant also indicated in her Answer to the Board's Motion

---

[5] The Board's Motion alternatively requested that this Court amend the interlocutory order to state its "opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." (Board's Motion ¶ 15.) If this Court denied both, the Board further requested an additional 30 days from the date of the Order in which to file the certified record. The February 28, 2017 Order granted the Board an additional 30 days to certify the record.

that she called the Court between December 19, 2016, and January 5, 2017, asking whether her Petition was received and was advised that it was not. Finally, after speaking to Court personnel on January 6, 2017, Claimant faxed her Petition to the Court one day late. (Claimant's Answer to Board's Motion at 1.) Because Claimant asks this Court to consider her Petition based upon these facts, we consider her Answer to the Board's Motion as a request for *nunc pro tunc* relief.

Limited circumstances exist in which an untimely appeal may be considered. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Allowable exceptions include cases involving fraud, or a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). It is under this third exception – non-negligent conduct – that Claimant demonstrates that she is entitled to *nunc pro tunc* relief.

*Nunc pro tunc* relief is generally reserved for only those "unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). As stated above, Claimant maintains she mailed her Petition on December 16, 2016, well before the January 5, 2017 deadline. As evidence, she states that the Office of Attorney General received its copy of her Petition. While Claimant does not point to any evidence to support this statement, we note that the cover sheet to the certified record submitted by the Board does include a copy of a Petition for Review, which, importantly, is time-stamped as "Received DEC 21 2016 Office of Chief Counsel UCBR Division."

Thus, there is documentary evidence to support the claim that Claimant timely mailed the Petition and the Board timely received it.

In addition, Claimant asserts that she called the Court between December 19, 2016, and January 5, 2017, to inquire whether the Petition was received. While not direct evidence of mailing, this Court recognizes that Claimant would not likely have called the Court during this time period to see if the Court received her Petition if she had not mailed it.

For whatever reason, the Petition was not received by the Court until Claimant faxed it on January 6, 2017. While the Pennsylvania Supreme Court held in *Criss* that delays in mail are both foreseeable and avoidable and thus are not a non-negligent circumstance, in that case, the notice of appeal was mailed just six days before the filing deadline. Here, Claimant mailed her Petition on December 16, 2016, which was well before the January 5, 2017 deadline. We cannot say that mailing her Petition nearly three weeks before it is due is negligent or that Claimant should have foreseen it would not arrive in time.

Claimant also meets the second and third elements of *nunc pro tunc* relief. Immediately upon learning that the Petition was not received, she faxed the Petition at the Court's direction one day late. The Board does not allege any prejudice as a result, nor could it, considering it received a copy of Claimant's Petition on December 21, 2016.

Because Claimant has demonstrated that she is entitled to *nunc pro tunc* relief, we deny the Board's Motion and turn to the merits of Claimant's appeal.[6] Claimant

---

[6] "Our review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence." *Doyle v. Unemployment Comp. Bd. of Review*, 58 A.3d 1288, 1291 n.2 (Pa. Cmwlth. 2013) (citation omitted).

8

first argues the Board erred by finding she signed a warning because she had never been accused of call avoidance prior to this incident. Claimant, however, mischaracterizes the Referee's findings that were adopted by the Board. The Referee and the Board found that Employer provided Claimant with warning of the call avoidance policy during her training, not that she was given a formal warning about her conduct that she was asked to sign. (Referee Decision, Findings of Fact ¶¶ 3-6; Board Order.) However, Employer's witness also testified during the remand hearing before the Referee that in addition to the warnings about call avoidance during training, Claimant was also warned that call avoidance was unacceptable through conversations in regard to her performance. Substantial evidence supports the finding that Claimant was provided with warning of the call avoidance policy.

Claimant's second argument is that the Board erred by concluding Employer's Call Aide Protocols and Procedures stated that customer service representatives could not use the restroom in a case of an emergency if they got another employee to assist their clients. Claimant misunderstands the Board's finding. The Board adopted the Referee's finding that Claimant transferred the call back into the queue because her shift was over. We understand that Claimant testified at the remand hearing that she transferred the call back into the queue because she was very ill and needed to use the restroom, not because it was the end of her shift. Claimant also explained she spoke to her supervisor about the incident the next morning and was told it was fine. However, because the Board discredited Claimant's explanation for missing the first hearing, it did not consider or address the testimony she presented on the merits at the remand hearing. This Court has previously ruled, "in an unemployment compensation case, the Board is the ultimate factfinder and is empowered to make credibility determinations. In making those determinations, the

9

Board may accept or reject the testimony of any witness in whole or in part." *McCarthy v. Unemployment Comp. Bd. of Review*, 829 A.2d 1266, 1269-70 (Pa. Cmwlth. 2003) (citation omitted).

This Court is therefore bound by the Board's findings of fact and its determination of Claimant's credibility regarding her explanation for missing the first hearing. Because it did not credit her reasons for missing the hearing, the Board did not consider her testimony at the remand hearing about why she transferred the call. Thus, the only testimony before the Board was the testimony of Employer's witnesses at the initial hearing. Based on the testimony before the Board, there was substantial, non-contradicted evidence presented at the initial hearing to support the finding that Employer terminated Claimant for willful misconduct in that she violated the call avoidance rule because it was her quitting time.

For the reasons set forth above, we deny the Board's Motion but affirm its Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Ellen Karwatski,                  :
                    Petitioner            :
                                          :
          v.                              :     No. 2110 C.D. 2016
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :

# **O R D E R**

    **NOW**, December 28, 2017, the November 23, 2016 Order of the Unemployment Compensation Board of Review (Board), entered in the above-captioned matter, is **AFFIRMED**, and the Board's Motion to Quash Petitioner's Petition for Review is **DENIED**.

_____
**RENÉE COHN JUBELIRER,** Judge