Waln K. Brown, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Session before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*L. C. Heim, Dell'Alba, Heim & Lecates,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, September 3, 1982:

Waln K. Brown (Claimant) was denied unemployment compensation benefits because the Unemployment Compensation Board of Review found that his services were properly defined as self-employment and therefore ineligible for benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law).[1]

Claimant alleges that the Board received insufficient evidence to satisfy the burden of proof that his services did not constitute employment. The Law establishes a two part test to determine if an individual is self-employed. Section 4(1)(2)(B) of the Law.[2] First, the Claimant must be shown to be free from control or direction during the performance of his services. Second, the Claimant must be customarily engaged in an independently established trade, occupation or business. Upon a thorough review of the record, we find that there is sufficient evidence to establish that Claimant was conducting independent research absent any direction or control. It is clear that Claimant performed his services when, where, and how he chose to perform them. His association with the National Center for Juvenile Justice (the would be employer) was limited to supplying quarterly progress reports which were forwarded to (and a requirement of) the Buhl Foundation which supplied the grant financing. Furthermore, the Board received evidence that Claimant performed other consulting services unrelated to the Buhl Foundation grant. The Board found that this was substantial evidence that the Claimant had a proprietary interest in an independently established trade, occupation, profession or business. Since the Board found substantial evidence

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §802(h).

[2] 43 P.S. §753(1)(2)(B).

that Claimant satisfied both parts of the test under Section 4(1)(2)(B) of the Law, Claimant's activity was not "employment." *Jochynek v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 86, 378 A.2d 490 (1977). Consequently, Claimant was engaged in self-employment and therefore was ineligible for compensation. *Unemployment Compensation Board of Review v. Kessler*, 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976).

Order affirmed.

### ORDER

Now, September 3, 1982, the order of the Unemployment Compensation Board of Review dated October 7, 1981 at Decision No. B-186542-B is hereby affirmed.