Basil H. Selden, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 7, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Basil H. Selden,* petitioner, for himself.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 7, 1983:

Basil H. Selden (claimant), pro se, appeals an order of the Unemployment Compensation Board of Review (Board) which denied him benefits under Section 402(h) of the Act.[1] It found that he had increased his side-line employment since the time when he was laid off from his position as a teacher with the Philadelphia School District, and that he was now to be considered as self-employed.

Prior to being laid off, the claimant had sold encyclopedias for Field Enterprises, Chicago, Illinois,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h); which provides in part, as follows:

An employee shall be ineligible for compensation for any week. . . .

In which he is engaged in self-employment: Provided, however, That an employee who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work, whether or not such work is in "employment" as defined in this act, and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

on an intermittent part-time basis since 1970. The Board found that, after being laid off, he had increased such employment to 30-40 hours per week and that he was paid on a commission basis. The claimant argues, *inter alia,* that the Board erred as a matter of law in concluding that he was self-employed.

Whether or not a claimant is self-employed is a question of law to be reviewed by this Court. *Geever v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 491, 442 A.2d 1227 (1982). And, in making this determination, we must look to see if the claimant is shown to be free from his alleged employer's control or direction during the performance of his services and if he is customarily engaged in an independently established trade, occupation or business. *Brown v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 584, 449 A.2d 869 (1982). The claimant here alleges, as he did before the Board, that his duties were to sell Field Enterprises' products to parents and teachers only, and that this concern furnished him all sales material, accepted or rejected all orders written by him, did the billing, set prices, set his commission, shipped the merchandise, required him to make a service call to customers after the merchandise was received, required him to follow up delinquent accounts and collect money owed, gave him no interest in the company, did not require any money from him for the privilege of working for the concern, and would fire him or any sales representative who had too many delinquent accounts. For all such reasons he argues that he was not self-employed.

In *Harper v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 474, 443 A.2d 419 (1982), we recognized that the Board must consider and *make findings* on questions of the extent of control and direction given a claimant by his alleged

628

"employer" and as to whether or not the claimant was engaged in what is customarily considered an independent occupation. Our review of the Board's decision in the instant matter, however, reveals that it failed to make these necessary findings.

We will, therefore, vacate the Board's order and remand this matter to it for further proceedings, at which findings shall be made concerning whether or not the claimant was self-employed.[2]

### Order

And Now, this 7th day of June, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and this matter is remanded to it for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

---

[2] We need not, therefore, consider at this time the claimant's other contentions.