**Jamie S. HOLT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 2003.

Decided Jan. 16, 2004.

Jamie S. Holt, petitioner, pro se.

Kelly K. Smith, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Jamie S. Holt (Claimant) petitions for review from a determination of the Unemployment Compensation Board of Review (Board) which reversed the determination of a referee and denied Claimant benefits determining that she was engaged in self-employment. We affirm.

The Board's findings in this case are as follows. Claimant worked as a director of marketing for Pierce Atwood until August 2002. After her separation, Claimant filed for benefits. In December, Claimant entered into an agreement with Barry, Dunn, McNeil & Parker (Barry) to provide free-lance marketing services writing text for a website.

Claimant established an hourly rate of $75 for the performance of these services. Claimant determined what hours she would work and how the services would be performed. Barry gave Claimant an outline of the text needed, however, Claimant independently determined how to meet those needs. Claimant provided Barry with a finished text for its use. Claimant performed services for Barry from December 9, 2002 through December 20, 2002.

The Department of Labor and Industry issued a decision granting benefits to Claimant. Thereafter, Barry filed an appeal and a hearing was conducted before the referee. The referee issued a determination granting Claimant benefits determining that she was not engaged in disqualifying self-employment. On appeal, the Board reversed concluding that Claimant was engaged in self-employment. This appeal followed.

In accordance with Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. 2897, 43 P.S. § 802(h) an individual is disqualified from receiving unemployment compensation for any week in which she is engaged in self-employment. In *Brown v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 584, 449 A.2d 869 (1982) this court stated that Section 4($l$)(2)(B) of the Law, 43 P.S. § 753(1)(2)(B) establishes a two part test to determine whether an individual is self-employed. First, the individual must be shown to be free from control or direction during the performance of her services. Secondly, the individual must be engaged in an independently established trade, business or occupation.

 Claimant initially argues that the Board's finding that she established a rate

of $75 an hour for her services is not supported by substantial evidence. We observe that the testimony of Claimant and one of Barry's witnesses supports the Board's finding. Specifically, Claimant and the referee engaged in the following exchange:

R. Okay .... so that employment, were you given a specific rate of pay?
C. But we established one. They asked me what I would charge, and I gave them an hourly fee that we agreed to.

(N.T. at p. 12.) Employer's witness testified to Claimant's rate of pay as follows:

EW1. And as we just heard, not too long ago in Jamie's [Claimant's] testimony, that she herself gave us what the cost would be for her to do this work, by giving us an hourly rate of $75, in order for this work to be done. In fact, the employer did not set the amount of earnings on this.

(N.T. at p. 16.)

Although Claimant argues that the Board's finding that she set the hourly rate for her work is not supported by substantial evidence, her testimony and that of Barry's witness support the finding that Claimant did indeed set the rate.

Next, Claimant argues that the Board's determination that she was engaged in self-employment is in error. We observe that whether an individual is self-employed is a question of law reviewable by this court. *Brown.* In determining whether an individual is self-employed, our Supreme Court in *Hammermill Paper Company v. Rust Engineering Co.,* 430 Pa. 365, 370, 243 A.2d 389, 392 (1968) set forth factors to be considered including: control in the manner in which work is to be done; responsibility for result only; terms of agreement between parties; skill required for performance; whether the individual is engaged in a distinct occupation or business; who is responsible for supplying the tools; whether payment is by the time or by the job; whether the work is part of the alleged employer and whether the alleged employer has the right to terminate employment at any time.

All factors need not be present to determine the type of relationship which exists. *York Newspaper Company v. Unemployment Compensation Board of Review,* 160 Pa.Cmwlth. 475, 635 A.2d 251 (1993), *petition for allowance of appeal denied,* 538 Pa. 652, 647 A.2d 906 (1994). The key factor to consider is whether the alleged employer had the right to control the work to be done and the manner in which it was to be performed. If the alleged employer had the right, an employer-employee relationship likely existed. *Id.*

In this case, Claimant controlled the manner in which the work was done and had responsibility for the result only. Claimant did not consider herself an employee. She also possessed the skills to perform the work and supplied the tools to perform the work. Claimant set the rate of pay and determined the hours she would work. Claimant acknowledged that she could perform freelance marketing services for another entity.

We agree with the Board that when Claimant entered into an agreement with Barry to provide freelance marketing services, she became self-employed inasmuch as she was free from direction and control and was engaged in an independently established trade.

In accordance with the above, the decision of the Board is affirmed.

### ORDER

Now, January 16, 2004, the order of the Unemployment Compensation Board of

Review in the above-captioned matter is affirmed.