# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Domenic Ciccolini, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1796 C.D. 2016 |
| | : | Submitted: March 17, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: August 3, 2017**

This fact-sensitive case involves a worker with recurring weeks of unemployment who repeatedly filed biweekly claims too soon, that is, before the claimed weeks ended. In particular, Domenic Ciccolini (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that determined Claimant is ineligible under Section 401(c) of the Unemployment Compensation Law (Law)[1] and 34 Pa. Code §65.43a for extended filing of his unemployment compensation (UC) benefits claims. Basically, the Board determined that on three occasions Claimant negligently failed to file biweekly claims <u>following</u> his biweekly claim period, as instructed in

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, <u>as</u> <u>amended</u>, 43 P.S. §801(c). Section 401(c) of the Law states that compensation shall be payable to any employee who becomes unemployed and "[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation <u>in the</u> <u>proper manner and on the form prescribed by the [Department of Labor and Industry]</u>." <u>Id.</u> (emphasis added).

the UC handbook. Claimant essentially argues he should be entitled to correct the situation by filing new backdated claims because he made reasonable and good faith efforts to timely file his claims, but was unable to do so through no fault of his own. Upon review, we affirm.

## I. Background

The Board found the following facts. On June 14, 2015, Claimant applied for UC benefits. Significant to this controversy, Claimant received the UC handbook, which notified him: "Your biweekly claim for benefits must be filed <u>during the week (Sunday through Friday) immediately following</u> the two weeks you are claiming." Bd. Op., 8/26/16, Finding of Fact (F.F.) No. 2 (emphasis added). The handbook further notified Claimant:

> If you fail to file your biweekly claim at the proper time, you may be denied benefits for those weeks and your UC claim will become 'inactive.' You must contact your UC service center to reactivate your claim.

F.F. No. 3. Claimant's claim became inactive because he failed to file a claim since July 2015. F.F. No. 4.

On February 28, 2016, Claimant reopened his claim. The UC authorities notified Claimant that he must file biweekly claims for the weeks he was either totally or partially unemployed. F.F. No. 5. Nonetheless, Claimant "did not timely attempt" to file a claim for the week ending March 5, 2016. F.F. No. 6. As a result, his claim again became inactive. <u>Id.</u>

2

On March 29, 2016, Claimant again reopened his claim. F.F. No. 7. The UC authorities again notified Claimant that he must file biweekly claims for the weeks he was either totally or partially unemployed. Id. Nevertheless, Claimant "did not timely attempt" to file a claim for the week ending April 2, 2016. F.F. No. 8. As such, his claim again became inactive. Id.

On April 26, 2016, Claimant again reopened his claim. F.F. No. 9. The UC authorities again notified Claimant that he must file biweekly claims for the weeks he was either totally or partially unemployed. Id. Again, Claimant "did not timely attempt" to file a proper claim for the week ending April 30, 2016. F.F. No. 10.

Nevertheless, on June 9, 2016, Claimant requested to file claims for benefits for the weeks ending March 5, April 2, and April 30, 2016. F.F. No. 11. In response, the Department of Labor and Industry (Department) issued a notice of determination denying Claimant's request for extended filing under Section 401(c) of the Law and Department regulations at 34 Pa. Code §65.43a, which provides in pertinent part (with emphasis added):

> (a) For a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week. If the earliest week for which a claim for compensation is filed in accordance with this subsection precedes the week in which the claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.

3

(c) <u>The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).</u>

(d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or §65.43 (relating to claims for compensation-when to file), for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

(e) For purposes of subsections (c) and (d) the number of weeks is determined as follows:

| *Reason* | *Number of weeks* |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with §65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

(f) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or §65.43 due to claimant's illness or injury, the time for filing the claim is extended until the last day of the second week after the incapacity ends.

34 Pa. Code §65.43a(a),(c),(d),(e),(f).

In rejecting Claimant's request for extended filing, the Board reasoned:

[Claimant] failed to timely file claims for benefits for the weeks ending March 5, April 2, and April 30, 2016, allegedly because he was kicked out of the system. However, [Claimant's] testimony and documentary evidence indicate he reopened his benefits each time, but never followed through with a claim for benefits, which must occur after the week at issue. [Claimant's] negligent failure to follow the provided instructions does not justify extended filing.

Bd. Op. at 3 (emphasis added). Consequently, the Board found Claimant ineligible for extended (backdated) filing under Section 401(c) of the Law and 34 Pa. Code §65.43a. Claimant petitions for review.[2]

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Doyle v. Unemployment Comp. Bd. of Review, 58 A.3d 1288 (Pa. Cmwlth. 2013). Substantial evidence is evidence which a reasonable mind would accept as adequate to support a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012).

5

## II. Discussion

### A. Argument

Claimant argues the Board erred in denying his request for an extension to file backdated claims for the weeks ending March 5, April 2, and April 30, 2016. Claimant maintains he did everything possible to file his biweekly claim during the correct week. Nevertheless, through no fault of his own, Claimant asserts he could not get into the system.

Claimant explains his situation as follows. He opened a UC claim in June 2015 and initially had no problems with his biweekly claim. Following his return to work and a furlough during the week ending March 5, 2016, Claimant reopened his claim. However, when Claimant tried to file his biweekly claim he could not get into the system. Claimant further asserts he ultimately contacted the UC service center, and someone advised him that he was ineligible because his claim was already filed. The UC authorities then advised Claimant to open his next claim.

Claimant's employer again furloughed him during the week ending April 2, 2016, at which time he received no answers or remedies from the UC authorities. Claimant contacted the UC authorities and heard that maybe there was an error with his application. Claimant then informed the UC authorities that they erroneously changed his employer's address from Towanda, Pennsylvania to Ohio. See Pet'r's Br. at 6.

6

During the week ending May 28, 2016, Claimant's employer again furloughed him. The same problems occurred again. Claimant again contacted the UC authorities. This time, a UC supervisor told him that she went into the system and could not find any evidence of any filing. The UC supervisor then advised him to file a claim for the week of May 28, 2016, because the claim was opened and ready for him to file. The UC supervisor also advised that he would have to appeal the previous three claims at issue.

Thereafter Claimant filed a claim requesting backdating for the weeks ending March 5, April 2, and April 30, 2016. The Department denied Claimant's request. Claimant appealed. Following an evidentiary hearing, the referee made the following findings:

> 1. [Claimant] filed a [UC] benefit claim effective June 14, 2015.
>
> 2. On February 28, 2016, [Claimant] attempted to file a biweekly benefit claim for week ending March 5, 2016.
>
> 3. On March 29, 2016, [Claimant] attempted to file a biweekly benefit claim for week ending April 2, 2016.
>
> 4. On April 26, 2016, [Claimant] attempted to file a biweekly benefit claim for week ending April 30, 2016.
>
> * * * *
>
> 7. A biweekly benefit claim cannot be properly filed until the week requested has ended.

Referee's Op., 7/18/16, F.F. Nos. 1-4, 7. In denying Claimant's backdating request, the referee reasoned that filing a benefit claim for a week which has not ended cannot be found to be filed in the proper manner. Referee Op. at 4

7

(emphasis added). To that end, the referee noted the reason for the backdate request was "<u>claimant error and not for good cause</u>." <u>Id.</u> (emphasis added).

Despite adverse findings by the referee, and ultimately the Board, Claimant asserts he attempted to file his biweekly claim during the correct week and the following week. Pet'r's Br. at 10. To that end, Claimant contends there were malfunctions and errors made that could not be attributed to him. <u>Id.</u> Claimant argues he made all good faith and reasonable efforts to file timely, but was unable to do so through no fault of his own. Therefore, Claimant requests reversal of the Board's decision denying benefits.

In response, the Board contends its findings that Claimant "did not timely attempt" to file a claim for the weeks ending March 5, April 2 and 30, 2016, are supported by the record. Specifically, at the referee's hearing Claimant admitted to attempting to file his claim before the week of unemployment ended. <u>See</u> Referee's Hr'g, Notes of Testimony (N.T), 7/15/16, at 3-4. The Board asserts Claimant's testimony constitutes substantial evidence to support its findings. <u>Holt v. Unemployment Comp. Bd. of Review</u>, 840 A.2d 1071 (Pa. Cmwlth. 2004).

The Board also points out that Claimant indicated in a written statement that he was only unemployed for one week per month. <u>See</u> Referee's Hr'g, Claimant's Ex 1 at 1. He thought that might be a reason why he had trouble filing his claim. <u>Id.</u>

8

The Board further asserts Claimant's negligence does not justify an extension to file a backdated claim for those weeks. By regulation, claims must be filed no later than the last day of the week following the two-week period the Department established for the claimant. 34 Pa. Code §65.43(a).

Here, Claimant received the UC handbook, which notified him that his biweekly claim must be filed during the week (Sunday through Friday) immediately following the two weeks claimed. F.F. No. 2. The handbook further notified Claimant that if he failed to file his biweekly claim at the proper time, he may be denied benefits for those weeks. F.F. No. 3. However, despite these notices, Claimant did not timely attempt to file claims for benefits for the weeks ending March 5, April 2 and 30, 2016.

Summarizing, the Board asserts the general rule in cases involving untimely filing for UC benefits is that a claimant is ineligible unless misled by the UC authorities. Menalis v. Unemployment Comp. Bd. of Review, 712 A.2d 804 (Pa. Cmwlth. 1998). Here, Claimant does not allege being misled by the Department or UC authorities. Rather, the Board argues, Claimant negligently failed to follow the instructions provided for filing claims. Therefore, he is not entitled to file new backdated claims for the weeks at issue.

## B. Analysis

The Board is the ultimate fact-finder in UC cases and is empowered to resolve all issues of witness credibility, conflicting evidence and evidentiary weight. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d

9

338 (Pa. Cmwlth. 2008). Also, it is irrelevant whether the record includes evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made. Id. Further, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. Id. With these principles in mind, we review Claimant's appeal.

First, Claimant asserts that he repeatedly tried to file his biweekly claims during the correct week. See Pet'r's Br. at 10. However, Claimant testified at the referee's hearing as follows:

> R: Now, Mr. Ciccolini, for the week of February 28, 2016 through March 5, 2016, did you work at all during that week?
> C: No.
> R: Were you able and available for work during that week?
> C: Yes.
> R: On what date did you attempt to file for those – that bi-weekly claim.
> C: February 28th at 4:52, almost 4:53 p.m.
> R: So you attempted to file on the Sunday the week began?
> C: Yes.
> R: And are you aware that you can't file for the week until after the week has already passed?
> C: No, sir.
> R: For the week ending on March 27, 2016 through April 2, 2016, did you work at all during that time period?
> C: No.
> R: Were you able and available for work during that time period?
> C: Yes.
> R: And on what specific date did you attempt to file your bi-weekly claim for the week ending of April 2nd?
> C: March 29th at 1:08 p.m.

R: And again, that's prior to the week ending, is that correct?
C: Yes.
R: And for the week ending April 24, 2016 through April 30, 2016, did you work at all during that time period?
C: No.
R: Were you able and available for work during that time?
C: Yes.
R: What date did you attempt to file your bi-weekly claim for the week ending April 30th?
C: 04/26 at 1:30 p.m.
R: And again, you – so you attempted to file your bi-weekly claim prior to the week being ended?
C: Yes.
R: Now when you're telling me you're filing on these dates, are you attempting to reopen your claim as of that date or are you attempting to file for the week on that date?
C: Reopen.
R: Okay. My question to you is when did you attempt to file your benefits for the week. Not reopen your claim but actually file for the week.
C: At that time.
R: Okay. So at the same time?
C: Yes. I was locked out and I wasn't aware I was locked out.

N.T. at 3-4 (emphasis added).

Clearly, Claimant's testimony provides substantial evidence supporting the Board's findings that Claimant did not timely attempt to file claims for the weeks ending March 5, April 2 and 30, 2016. See F.F. Nos. 6, 8, 10. Instead, he filed his biweekly claims too soon. N.T. at 3-4. As such, the findings are binding on appeal. Peak v. Unemployment Comp. Bd. of Review, 501 A.2d 1383 (Pa. 1985).

11

Moreover, although Claimant asserts in his appellate brief that he attempted to file his biweekly claim during the correct week, this assertion is not reflected by his testimony before the referee. To the contrary, Claimant testified he did not know he could not file a claim until after the week after the biweekly time period. N.T. at 3. Therefore, having determined the Board's findings that Claimant did not timely attempt to file claims for the weeks ending March 5, April 2 and 30, 2016 are supported by substantial evidence, we will not disturb them on appeal. Peak; Ductmate.

Further, given the particular circumstances of this case, we are constrained to agree with the Board that Claimant's negligence in not following clear directions in the UC handbook to file his biweekly claims during the week following the claim period does not justify an extension under 34 Pa. Code §65.43a(e).

As we recognized in Mitcheltree v. Unemployment Compensation Board of Review, 635 A.2d 701 (Pa. Cmwlth. 1993), Section 401(c) of the Law provides that compensation shall be payable to any employee who makes a valid application for benefits in the proper manner and on the form prescribed by the Department. Claims for compensation must be filed biweekly in accordance with 34 Pa. Code §65.43(a), relating to when to file claims for compensation. The Department will establish a schedule of consecutive two-week periods for each claimant. 34 Pa. Code §65.43(a)(1). At the end of each two-week period, a claimant may file a claim no later than the last day of the following week.

12

Importantly, having taken official notice of the contents of the UC handbook, the Board found that the handbook notified Claimant: "Your biweekly claim must be filed during the week (Sunday through Friday) <u>immediately following the two weeks you are claiming</u>." F.F. No. 2 (emphasis added). In addition, the handbook provided: "<u>If you fail to file your biweekly claim at the proper time, you may be denied benefits for those weeks</u> …." F.F. No. 3 (emphasis added).[3]

At the referee's hearing, Claimant testified "I read the book and according to like rules on page 5, when to file your bi-weekly claim and if you forgot." N.T. at 4. Claimant added that he thought he was "following the rules correctly." <u>Id.</u>

Backdating a claim, however, is limited to the circumstances in 34 Pa. Code §65.43(a). <u>Mitcheltree</u>. Although Claimant argues he made all reasonable and good faith efforts to file timely, the Board's findings, which are supported by the record, indicate he repeatedly failed to follow clear handbook instructions to file his claims for benefits <u>following</u> his biweekly claim period.

---

[3] The entire UC handbook is attached to the Board's brief as Appendix B. Br. for Resp't, App. B. Section 3, titled "Maintaining Your Eligibility for Benefits," begins by describing "Your Biweekly Claim Requirement" on pages 4-5. <u>Id.</u> Page 5 includes the instructions titled "When to File Your Biweekly Claim," which is the basis for the Board's findings. <u>Id.</u> This instruction concludes with the following language: "You may call PAT [Pennsylvania Teleclaims, described in detail on page 4] to learn when to file your next claim." <u>Id.</u>

Had there been only one episode of untimely filing, the Board's exercise of discretion might be less clear. However, given the multiple episodes of failure to follow clear instructions in the UC handbook, we discern no reversible error.

For the above reasons, we affirm the Board's order.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Domenic Ciccolini,                              :
              Petitioner    :
                             :
          v.                          :    No. 1796 C.D. 2016
                             :
Unemployment Compensation          :
Board of Review,                               :
              Respondent   :

## **O R D E R**

**AND NOW**, this 3rd day of August, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge