# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erma Viola, : 
                            : 
              Petitioner : 
                            : 
              v. : No. 1554 C.D. 2019
                            : Submitted: March 13, 2020
Unemployment Compensation : 
Board of Review, : 
                            : 
             Respondent : 

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: March 18, 2021

Erma Viola (Claimant), *pro se*, petitions for review of the October 3, 2019 order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's determination and held that Claimant was ineligible for unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law)[2] because she voluntarily quit her job without a necessitous and compelling reason. We affirm.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) of the Law provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which h[er] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" *Id.*

Claimant was employed part-time as a deli worker with Merzoney LLC (Employer) from April 1, 2015, until June 12, 2019, at a final rate of pay of $12 per hour. Referee's 8/14/2019 Decision, Finding of Fact (F.F.) No. 1. On June 12, 2019, Claimant argued with Steve, her co-worker, after which the deli manager sent her home for the day. F.F. Nos. 2, 3. The deli manager did not terminate Claimant's employment. F.F. No. 4. Claimant left work and did not return that day, or for the rest of her scheduled shifts. F.F. No. 5.

Claimant applied for UC benefits, asserting that Employer discharged her following the argument with her co-worker. Certified Record (C.R.), Item No. 2 at 1-2. In response, Employer reported that Claimant abandoned her job, as she left her shift early on June 12, 2019, and failed to report for the remainder of her scheduled shifts. C.R., Item No. 3 at 5. The local service center conducted additional interviews with both Claimant and Employer, and Employer submitted copies of witness statements in support of its position. C.R., Item Nos. 4, 5. The local service center resolved the conflict between whether Claimant quit or was discharged in Employer's favor, finding that Claimant initiated the separation and that she failed to show a necessitous and compelling reason for quitting. C.R., Item No. 6.

Claimant appealed, and a referee held a hearing on August 7, 2019. C.R., Item Nos. 7-8, 13. Claimant testified that on June 12, 2019, Employer fired her after she had an "incident" with her co-worker Steve. C.R., Item No. 13, Referee's Hearing, 8/7/2019, Notes of Testimony (N.T.) at 6-7. Claimant explained that Steve made inappropriate comments to her, in front of customers, about Claimant always being on the phone. *Id.* at 7. Later that day, Claimant confronted Steve and explained that he could not act like that in front of customers, to which

2

Steve responded by yelling and cursing at her, at which time Claimant "just lost it." *Id.* When asked by the referee what she meant by she "lost it," Claimant stated, "we just argue [sic] and everything." *Id.* at 8. Claimant testified that Steve then spoke to Frank Merz, Jr., Employer's deli manager, who told Claimant that she was fired. *Id.* Claimant further testified that she did not tell the deli manager that she quit, or call her husband to say that she had quit.[3] *Id.*

Frank Merz, Sr., Employer's general partner, testified that when he came to work on June 12, 2019, Claimant and the deli manager were having a conversation, and he heard the deli manager tell Claimant, "you need to apologize." N.T. at 14. Claimant then picked up a phone, called her husband, and said, "can I quit?" *Id.* Employer's general partner testified that Claimant then walked out, did not return that day, and failed to report for her scheduled shifts on Thursday, June 13th, Friday, June 14th, and the following Monday, so Employer believed that she abandoned her job. *Id.* Prior to these missed shifts, Employer did not issue any type of termination letter, as Employer believed that Claimant would return to work. *Id.* at 15. Employer's general partner clarified that he did not observe what happened between Claimant and Steve on the day in question. *Id.* at 14.

The deli manager testified that he also was not present for the initial incident between Claimant and her co-worker Steve, and that he did not witness Steve yelling at Claimant on the day in question. N.T. at 20-21. However, the deli manager stated that he did observe Claimant yelling at Steve in front of a customer, and when the deli manager told Claimant this could not continue because it was

---

[3] David Viola, Claimant's husband, also testified that Claimant did not call him on the day of the incident to say that she had quit. C.R., Item No. 13 at 11. He further provided the referee with a copy of his phone records, which were entered into the record as Claimant's Exhibit 1, asserting that they indicated Claimant did not call him on June 12, 2019. *Id.*

3

inappropriate for the workplace, Claimant then began yelling at the deli manager as well. *Id.* at 20. The deli manager testified that Claimant kept yelling in his face, "are you firing me?" to which he responded, "no, Erma. I am not firing you, but you need to go home for the day[.]" *Id.* at 19; *see also id.* at 20. The deli manager stated that he did not fire Claimant, but he also did not hear Claimant say that she quit. *Id.* at 18, 22. The deli manager confirmed that Claimant failed to report for her next scheduled shifts and that it was not his practice to call employees when they were late for or missed a shift. *Id.* at 22.

Michelle Durdu, Employer's cook/deli worker, identified the statement that she provided to the local service center in support of Employer's position that Claimant was not fired. N.T. at 24 (referencing C.R., Item No. 5). Durdu testified that she did not witness the argument between Claimant and Steve, but she did witness Claimant yelling at the deli manager. *Id.* at 25. Durdu stated that Claimant was yelling in the deli manager's face and that he sent her home for the day. *Id.* Elizabeth Toth, Employer's cook, also identified the statement that she provided to the local service center. *Id.* at 26 (referencing C.R., Item No. 5). Toth testified that Claimant told her that she quit, and that the deli manager was not present when Claimant said this. *Id.*

After considering the testimony and documentary evidence, the referee rejected Claimant's testimony, including her claim that she was fired, as not credible, and resolved all conflicts in the testimony in favor of Employer. C.R., Item No. 14, Referee's 8/14/2019 Decision at 2. In doing so, the referee found credible the deli manager's testimony that he sent Claimant home for the day and that he told Claimant specifically that she was not being terminated. *Id.*; F.F. Nos. 3, 4. The referee further found that Claimant left the work location on the day in question and

4

did not return thereafter, that she voluntarily left her employment, and that Employer had continuing work available for Claimant. *Id.*; F.F. Nos. 5-7. Therefore, the referee concluded that Claimant was ineligible for benefits under Section 402(b) of the Law because she voluntarily quit her employment without cause of a necessitous and compelling nature.

Claimant appealed to the Board, again asserting that she did not quit but was fired, and essentially challenging the referee's credibility determinations. C.R., Item No. 15. Claimant also requested that the case be remanded to the referee "to further discuss this and cross[-]examine the employer and witnesses with my lawyer to prove that my testimony is credible, factual and true." *Id.* at 5.

By decision and order dated October 3, 2019, the Board affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions. C.R., Item No. 19. The Board also denied Claimant's request for a remand hearing on the basis that Claimant already had a full and fair opportunity to present evidence and cross-examine witnesses at the hearing before the referee. *Id.* Claimant then petitioned this Court for review of the Board's order.

On appeal,[4] Claimant maintains that she did not quit but was fired. She spends the majority of her brief pointing out what she believes are inaccuracies or

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Wells v. Unemployment Compensation Board of Review*, 236 A.3d 108, 110 n.10 (Pa. Cmwlth. 2020). The question of whether a separation from employment is a voluntary termination or a discharge is a question of law subject to appellate review. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1045 (Pa. Cmwlth. 2002). A claimant bears the burden of proving that her separation from employment was a discharge rather than a voluntary termination. *Kassab Archbold & O'Brien v. Unemployment Compensation Board of Review*, 703 A.2d 719, 721 (Pa. Cmwlth. 1997). Alternatively, when a claimant becomes unemployed by voluntarily terminating her employment, she bears the burden of proving necessitous and compelling reasons for leaving her job. *Spadaro v. Unemployment Compensation Board of Review*, 850 A.2d 855, 859-60 (Pa. Cmwlth. 2004).

inconsistencies in the testimony and statements provided by Employer's witnesses. Essentially, Claimant asks this Court to overturn the Board's credibility determinations, which we decline to do.

It is well-established that the Board is the ultimate fact finder in UC cases and is empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000) (citing *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985)). The Board's findings are binding on appeal if they are supported by substantial evidence, which has been defined as "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Moreover, we must view the record in the light most favorable to the party prevailing before the Board – here, Employer – and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if substantial evidence exists. *Curran*, 752 A.2d at 941.

Here, the Board resolved the conflicts in the evidence in favor of Employer and, in doing so, credited the testimony of the deli manager that he sent Claimant home for the day and that he specifically told Claimant that she was *not* being fired. Employer's witness, Durdu, corroborated this testimony. In addition, Toth testified that Claimant told her that she quit. Moreover, both Employer's general partner and the deli manager testified that Claimant failed to report for her remaining scheduled shifts. While Claimant clings to her testimony that the deli manager told her that she was fired, the Board did not credit this testimony and instead found that Claimant voluntarily separated from her employment. Claimant's

6

attempt to show that the Board erred in so finding by merely pointing to contrary evidence in the record is insufficient to show that a finding is not supported by substantial evidence. *Serrano v. Unemployment Compensation Board of Review*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016) (citing *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015)). As stated above, "[q]uestions of credibility . . . are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Serrano*, 149 A.3d at 439 (citing *Peak*, 501 A.2d at 1388). As such, we conclude that substantial evidence exists to support the finding that Claimant voluntarily left her employment.[5]

Because we have determined that Claimant voluntarily left her employment, we must now examine whether she met her burden of proving that she did so for a necessitous and compelling reason. If she did not, she is ineligible for UC benefits under Section 402(b) of the Law, 43 P.S. §802(b). Claimant did not offer before the Board, nor does she offer on appeal, any necessitous and compelling reason for voluntarily leaving her employment. To the contrary, Claimant has maintained from the beginning of these proceedings that she was fired. Because Claimant bore the burden of proving such cause, and failed to do so, the Board did not err in concluding that Claimant voluntarily terminated her employment without a necessitous and compelling reason. *Bowman v. Unemployment Compensation Board of Review*, 410 A.2d 422, 424 (Pa. Cmwlth. 1980); *Maniscalco v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 1905 & 1906

---

[5] *See Holt v. Unemployment Compensation Board of Review*, 840 A.2d 1071, 1073 (Pa. Cmwlth. 2004) (holding that testimony may be substantial evidence to support a finding).

C.D. 2010, filed June 3, 2011),[6] slip op. at 7 (finding that the claimant failed to carry burden of proof where she consistently claimed throughout her testimony that she was fired and did not quit).

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erma Viola,                        :
                                   :
                    Petitioner     :
                                   :
        v.                         : No. 1554 C.D. 2019
                                   :
Unemployment Compensation          :
Board of Review,                   :
                                   :
                    Respondent     :


# **O R D E R**


AND NOW, this 18th day of March, 2021, the order of the Unemployment Compensation Board of Review, dated October 3, 2019, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge